IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
MAGISTRATE JUDGE Craig B. Shaffer

Civil Action No. 11-cv-01815-WJM-CBS

SUOMEN COLORIZE OY,

       Plaintiff,

v.

DISH NETWORK L.L.C,
ECHOSTAR SATELLITE, L.L.C.,
DISH NETWORK CORPORATION,
ECHOSTAR CORPORATION, and
ECHOSTAR TECHNOLOGIES, L.L.C.,

       Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

1.     This Stipulated Protective Order is applicable to Plaintiff Suomen Colorize Oy ("Plaintiff"), to Defendants Dish Network LLC, EchoStar Satellite, LLC, Dish Network Corporation, EchoStar Corporation and EchoStar Technologies LLC (collectively, "the Defendants") (collectively "the Parties"), and to any other person who utilizes "Material" (as hereinafter defined) that is covered by this Stipulated Protective Order. In addition, this Stipulated Protective Order becomes operable once it has been signed by counsel for Plaintiff and the Defendants. This Stipulated Protective Order will apply during and after the course of the above-captioned litigation and any appeal, and will also apply during and after the course of any mediation or arbitration and through the exchange of informal discovery. As used herein, the term "Court" shall be understood to mean the District Court for the District of Colorado, and any

mediator, arbitrator, or other third party neutral that the Parties consent to appear before in an attempt to resolve the dispute between the Parties. It is expressly agreed between the Parties that this Stipulated Protective Order will not, in any manner, be disclosed to the jury in this or any related matter. It is further ordered and agreed that this Stipulated Protective Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this or any related case, save and except a hearing which is solely and exclusively for the purpose of enforcing any provision of this Stipulated Protective Order.

2.      A Party may designate any type of material, including, but not limited to, any document, data or thing produced, deposition testimony, or interrogatory answer produced, given, or served pursuant to discovery requests in this lawsuit (collectively, the "Material") as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only." "Confidential" Material shall only include information that is non-public and contains confidential or sensitive technical, business, commercial, or personal information. "Highly Confidential - Attorneys' Eyes Only" Material shall only include information that is non-public and competitively sensitive to the Producing Party or competitively useful to the Receiving Party, such as pricing information; research, development, or technical information; marketing information; manufacturing and cost-related information; customer lists; product specifications; methods of manufacture; business plans; financial and accounting information; or licensing or contractual information. All designated "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" Material and/or any information contained in or derived from any of the foregoing Material shall be subject to the provisions of this Stipulated Protective Order until further order of the Court. Nothing in this Stipulated Protective Order shall permit one Party to designate Materials produced by the other Party as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only," or otherwise subject those Materials to the provisions of this Stipulated Protective Order, except in the case where

OHS WEST:261356048.4

such Material was originally the property of said Party; was disclosed in breach of a duty of confidentiality; and despite any such breach is still entitled to be treated as "Highly Confidential - Attorneys' Eyes Only" and/or "Confidential" as described herein. Nothing contained herein shall impose any restrictions on the use (e.g., patent prosecution, reexamination request, etc.) or disclosure by a Party of Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," obtained lawfully by such Party independently of any proceedings in this action, or which: (a) was, is, or becomes public knowledge, not in violation of this Stipulated Protective Order; (b) was obtained from sources which are public; (c) is rightfully received by such Party from a third party which has authority to provide such information and Material without restriction as to such disclosure; (d) was communicated to a third party without restriction as to disclosure; or (e) the receiving party can establish that the information was in its rightful and lawful possession at the time of disclosure or was developed independently by the Receiving Party without the use of the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material.

3.     The Material shall be designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only," as applicable, by stamping the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as applicable, on each page of the Material or, in the case of Material that is produced natively, by including "Conf" or "AEO", as applicable, in each file name of the Material. Any Party may designate a deposition or portion thereof as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material within 30 days of receipt of the transcript and so informing all other Parties to this lawsuit in writing of such designation. Alternatively, a Party may orally designate testimony or exhibits as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material during the course of a deposition, in which case the court reporter shall transcribe the pages and place the exhibits so designated in a separate volume or on a separate CD or DVD marked "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY," as applicable. Any portion of a deposition so designated, or in a separately bound volume or on a CD or DVD, shall not be filed with the Court, if applicable, except in accordance with paragraph 13 of this Stipulated Protective Order. All deposition transcripts which are not previously designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" during the course of the deposition shall be treated as "Highly Confidential - Attorneys' Eyes Only" Material for the 30-day period beginning with the receipt of the transcript by counsel.

4.     No "Confidential" Material subject to this Stipulated Protective Order or extracts or summaries therefrom shall be given or shown to any person except the following "authorized persons":

(a)     Attorneys for any Party engaged in this lawsuit and the employees of such attorneys;

(b)     Employees of a corporate Party actively engaged in assisting that Party's attorneys in the conduct of this lawsuit to the extent reasonably necessary to enable the attorneys for the Party to render professional services in this lawsuit;

(c)     Persons not employees of any party to this lawsuit who are expressly retained to assist such Party's counsel in the preparation of this lawsuit for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), but only after such Outside Expert has signed a statement in the form attached hereto as Exhibit A, and subject to the provisions of paragraph 6;

(d)     Independent litigation support services, including but not limited to document reproduction services, computer imaging services, and

- 4 -

demonstrative exhibit services, but only after such service provider has signed a statement in the form attached hereto as Exhibit A;

(e)     The Court, other court officials (including court or deposition reporters and videographers) and the trier of fact;

(f)     Qualified court reporters, court interpreters, translators taking testimony in the above-captioned proceeding, and their necessary stenographic, video graphic and clerical personnel thereof;

(g)     Any mediator or arbitrator agreed upon by the Parties and such mediator's/arbitrator's employees and staff;

(h)     Persons who are shown on the face of the document to have been an author, source, or recipient of the "Confidential" Material;

(i)     Persons, who through testimony or through corroborating documents, have been demonstrated to have received or authored the "Confidential" Material; and

(j)     Any other person as to whom the Parties agree in writing.

No authorized person allowed to view properly designated "Confidential" Material provided by the other Party shall use any "Confidential" Material of the other Party for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims in this lawsuit.

5.     No "Highly Confidential - Attorneys' Eyes Only" Material subject to this Stipulated Protective Order or extracts or summaries therefrom shall be given or shown to any person except the following "authorized persons" under the conditions described below:

(a)     Any outside attorney for any firm of record engaged in this lawsuit and the employees of such attorney(s);

- 5 -

(b)      Any in-house counsel of a Party actively engaged in assisting that Party's outside attorneys in the conduct of this lawsuit to the extent reasonably necessary to enable the outside attorneys for the Party to render professional services in this lawsuit;

(c)      Persons not employees of any Party to this lawsuit who are expressly retained to assist such Party's counsel in the preparation of this lawsuit for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), but only after such Outside Expert has signed a statement in the form attached hereto as Exhibit A, and subject to the provisions of paragraph 6

(d)      Independent litigation support services, including but not limited to document reproduction services, computer imaging services, and demonstrative exhibit services, but only after such service provider has signed a statement in the form attached hereto as Exhibit A;

(e)      The Court, other court officials (including court or deposition reporters and videographers) and the trier of fact;

(f)      Qualified court reporters, court interpreters, translators taking testimony in the above-captioned proceeding, and their necessary stenographic, video graphic and clerical personnel thereof;

(g)      Any mediator or arbitrator agreed upon by the Parties and such mediator's employees and staff;

(h)      Persons who are shown on the face of the document to have been an author, source, or recipient of the "Highly Confidential - Attorneys' Eyes Only" Material;

OHS WEST:261356048.4

      (i)      Persons, who through testimony or through corroborating documents, have been demonstrated to have received or authored the "Highly Confidential - Attorneys' Eyes Only" Material; and

      (k)      Any other person as to whom the Parties agree in writing.

No authorized person allowed to view "Highly Confidential - Attorneys' Eyes Only" Material of the other side shall use any "Highly Confidential - Attorneys' Eyes Only" Material of the other side for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims in this lawsuit.

6.      In the event that no objection is made, a party may begin to disclose ~~Confidential or~~ Highly Confidential – Attorneys' Eyes Only Material to an authorized person under paragraphs 4.c. and 5.c., above, seven (7) days after serving:

      (a)      a signed copy of Exhibit A including the name, address and employer of the authorized person, which shall be deemed Confidential Material under this protective order;

      (b)      a curriculum vitae of the proposed Outside Expert, including the Outside Expert's present business address(es), which shall be deemed Highly Confidential – Attorneys' Eyes Only Material without being subject to challenge;

      (c)      an identification of any past or present employment or consulting relationship with any Party, any related company or any company whose business relates or related to satellite or cable television transmission and an identification of the subject matter of any work performed in the course of such relationship, which shall be deemed Highly Confidential – Attorneys' Eyes Only Material without being subject to challenge, and

OHS WEST:261356048.4

      (d)      a description of the Outside Expert's employment during the past four

calendar years, including the name and address of each person or entity

who employed or used the services of the expert or consultant and an

identification of the subject matter of any work performed in the course

of such employment or consulting, which shall be deemed Highly

Confidential – Attorneys' Eyes Only Material without being subject to

challenge;

on the producing party's counsel, and producing party may use the information provided under

(a) through (d) of this section solely for raising and sustaining an objection to the proposed

disclosure and for no other use, unless the expert is later designated as a testifying expert and

may object to the proposed disclosure only for good cause stating with particularity the reasons

for the objection served on all of the parties, and the Parties reserve the right to object to the

disclosure or transmittal of Highly Confidential – Attorneys' Eyes Only Material outside of the

U.S. only for good cause.  If the parties are unable to reach agreement, after an objection is

raised, then they shall arrange a telephone hearing with Magistrate Judge Shaffer regarding the

issue, but only after the parties comply with D.C.COLO.LCivR 7.1A.   If an objection is made,

the Receiving Party may not begin to disclose Material to any such Outside Expert unless and

until the Receiving Party and the objecting party resolve their dispute as memorialized in writing

or the Court denies the objecting party's motion.

      7.      Any such challenge to the disclosure of Material to a person identified pursuant to

paragraphs 4.c. or 5.c. may not be made or renewed absent a showing of good cause.

      8.      Service of the disclosures required by paragraph 6 for consulting experts shall not

be considered as a waiver of any privilege including, without limitation, the Attorney-Client or

Attorney Work Product privilege.

OHS WEST:261356048.4

9.      If counsel wishes to disclose "Confidential" Material to any person not designated in paragraph 4 above, or if counsel wishes to disclose "Highly Confidential - Attorneys' Eyes Only" Material to any person not designated in paragraph 5 above, counsel must proceed in the following manner: the names of the persons to whom "Confidential" Material or "Highly Confidential - Attorneys' Eyes Only" Material, as applicable, are to be disclosed and a description of the Material to be disclosed to such person shall be provided in writing to counsel for the Producing Party seven (7) business days in advance of disclosure to afford counsel an opportunity to object to such disclosure. If no objection is made within the seven (7) day period, disclosure to such named persons may be made after the expiration of such seven (7) day period. If an objection is made within the seven (7) day period, such Material shall not be disclosed pending a decision by the Court, and if the parties are unable to reach agreement, after an objection is raised, then they shall arrange a telephone hearing with Magistrate Judge Shaffer regarding the issue, but only after the parties comply with D.C.COLO.LCivR 7.1A. Any person who becomes authorized to receive "Confidential" Material or "Highly Confidential - Attorneys' Eyes Only" Material pursuant to this paragraph (whether such authorization arises from the lack of an objection and lack of a motion for protective order or from the Court's ruling on a motion for protective order) shall, prior to the receipt of such Material, execute a statement in the form attached hereto as Exhibit A.  All persons to whom disclosures are permitted and made hereunder shall comply with the terms of this Stipulated Protective Order.

10.      If any Party believes in good faith that any Material which has been designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as applicable, is not properly subject to the designated level of protection afforded by this Stipulated Protective Order, that Party ("Objecting Party") may provide the Producing Party with written notice ("Notice") that provides a description of the Material that the Objecting Party believes should not be subject to

the constraints of this Stipulated Protective Order and the reasons why the Material at issue should not be subject to the provisions of this Stipulated Protective Order.  If the parties are unable to reach agreement, after Notice is given, then they shall arrange a telephone hearing with Magistrate Judge Shaffer regarding the issue, but only after the parties comply with D.C.COLO.LCivR 7.1A.

11.     Notwithstanding the foregoing, nothing in this paragraph or in this Protective Order shall be deemed to limit or otherwise restrict or impair in any manner any Party's use or disclosure of its own information, in whatever form.

12.     Before "Confidential" Material or "Highly Confidential - Attorneys' Eyes Only" Material, as applicable, is disclosed to a witness in a deposition, mediation, or hearing the witness must be authorized under paragraph 4 to see such "Confidential" Material or must be authorized under paragraph 5 to see such "Highly Confidential - Attorneys' Eyes Only" Material, as applicable. The Party making such disclosure shall inform the witness, on the record, that the use of such Material is subject to the terms of this Stipulated Protective Order. If any other person present at the deposition, mediation, or hearing is not encompassed within the categories of persons defined in paragraph 4 of this Stipulated Protective Order, that person shall leave the deposition while any "Confidential" Material is being disclosed during the deposition. If any other person present at the deposition is not encompassed within the categories of persons defined in paragraph 5 of this Stipulated Protective Order, that person shall leave the deposition while any "Highly Confidential - Attorneys' Eyes Only" Material is being disclosed during the deposition.

13.     Disclosure of Material to an outside expert under Sections 4.c. and 5.c. shall not constitute a designation of the person as an expert whose opinions may be presented at trial.

14.     No "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material including Electronically Stored Information ("ESI"), as that term is used in the Parties' ESI

Protocol Order, that the producing party asserts is attorney-client privileged or work product protected shall be filed in the public record of this lawsuit. Before any information and/or materials produced in discovery, answers to interrogatories, responses to requests for admission, deposition transcripts, or other documents which are designated as "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" information are filed with the Court for any purpose, the Party seeking to file such information and/or material shall seek the permission of the Court to file said material under seal and shall follow the requirements of D.C.COLO. LCivR 7.2 and the most recent version of the District of Colorado ECF Procedures. "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" Material is not to be shown to anyone other than to those permitted in paragraphs 4 & 5 respectively, unless Court Order or Stipulation signed by counsel for the producing Party provides otherwise. Such pleadings or other filed papers accepted by the Court shall be kept under seal by the Clerk of this Court until further order of the Court. Where possible, only the "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" portions of filings with the Court shall be filed under seal.

15.     In the event that any Party or any other individual described in paragraphs 4 or 5 above is served with a subpoena or other judicial process demanding the production or disclosure of any Material designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only," such Party or individual shall: (a) provide counsel for the Party that produced the "Confidential" and/or "Attorney's Eyes Only" Material with a copy of such subpoena or other judicial process within 10 business days following receipt thereof and (b) initially object thereto to the extent permitted by law, citing this Stipulated Protective Order. Nothing herein shall be construed as requiring such Party or individual to further challenge or appeal any order requiring production of this "Confidential" and/or "Highly Confidential - Attorneys' Eyes Only" Material.

OHS WEST:261356048.4

16.     The Parties reserve their rights to agree on procedures for handling and introducing into evidence at the time of trial or arbitration Materials deemed "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

17.     This Stipulated Protective Order shall not be deemed a waiver of:

a.      Any Party's right to object to any discovery request on any ground;

b.      Any Party's right to seek an order compelling discovery with respect to any discovery request;

c.      Any Party's right in any proceeding in this lawsuit to object to the admission of evidence on any ground.

The provisions of this Stipulated Protective Order shall continue in effect with respect to any "Confidential" Material and "Highly Confidential - Attorneys' Eyes Only" Material until expressly released by the Party furnishing such Material, and such effectiveness shall survive the final determination of this action. Unless otherwise agreed by the Party producing such Material, within 60 calendar days of the final determination of this action, each Party and any person under paragraphs 4.c. and 5.c. above shall return to the Producing Party or destroy all "Confidential" Material and "Highly Confidential - Attorneys' Eyes Only" Material in its possession, custody or control, and all copies, derivations and summaries thereof. For purposes of this Stipulated Protective Order, the "final determination of this action" shall be deemed to be the later of (i) full settlement of all claims, final judgment or the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of that lawsuit, or (ii) the expiration of all time limits under applicable law for the filing of or application for all appeals, rehearings, remands, trials or reviews of that action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.   Counsel for any Party receiving things designated as "Confidential" Material or "Highly Confidential - Attorneys' Eyes Only" Material shall make written certification of compliance with this provision regarding return or

OHS WEST:261356048.4

destruction, and shall deliver the same to counsel for the Producing Party within 90 calendar days after the final determination of this action.

18.     Counsel for the Parties to whom "Confidential" Material and "Highly Confidential - Attorneys' Eyes Only" Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Stipulated Protective Order and for securing execution of and retaining the statement attached hereto as Exhibit A when required under the provisions of this Stipulated Protective Order. Counsel may dispose of such statements after the final determination of this action.

19.     If "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material produced in accordance with this Stipulated Protective Order is inadvertently (or otherwise) disclosed to any person other than in a manner authorized by this Stipulated Protective Order, the Party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of all counsel of record. In addition, the Party responsible for the disclosure shall, without prejudice to other rights and remedies of the Party that produced the Material, make every possible effort to prevent any further disclosure by it or by the person(s) who received such Material.

20.     Pursuant to the agreement of the Parties under Fed. R. Evid. 502(e) and by Order of this Court under Fed. R. Evid. 502(d), no disclosure, production, or exchange of documents or information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding.  This Order applies to any Documents or ESI disclosed, exchanged, produced, or discussed – whether intentionally or inadvertently – among the Parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation (collectively, "Produced Documents").

21.     This Order applies regardless of whether the Documents or ESI describe or relate to actions taken in this litigation, or in prior or separate litigations.

22.     Upon learning of an inadvertent production, the Producing Party shall promptly give all counsel of record Notice of the inadvertent production.  The Notice shall identify the document, the portions of the document that were inadvertently produced, and the first date the document was produced.  If the Party that produced a document claims that only a portion of the document was inadvertently produced, the Party shall also provide a new copy of the document with the allegedly privileged portions redacted.

23.     Upon receiving Notice of an inadvertent production or upon determining that a Produced Document it received is known to be privileged in whole or in part, the Receiving Party must promptly return, sequester or destroy the Produced Document and any copies and shall destroy any notes that reproduce, copy or otherwise disclose the substance of the privileged information.  The Receiving Party may not use or disclose the privileged information until the claim is resolved.  If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such information until the claim is resolved.

24.     A Party receiving documents produced by another Party is under a good faith obligation to promptly alert the producing Party if a document appears to be privileged on its face or in light of facts known to the Receiving Party.

25.     To the extent that any Party obtains any privileged information, documents, or communications through inadvertent disclosure, such information, documents and communications shall not be filed or presented for admission into evidence or sought in discovery by that Party in any action.

26.     If the Receiving Party challenges a claim that a Produced Document is properly privileged, the Receiving Party may in connection with a good faith challenge, make reference to the contents of the document in any paper submitted to the Court, so long as such filing is made

under seal.  If requested by the receiving Party, the producing Party shall provide such documents to the Court for *in-camera* review.

27.     If the Court sustains the claim that a Produced Document is privileged, the Receiving Party shall, within five (5) days of the Court's order, destroy any notes relating to the privileged Produced Document and advise the Producing Party in writing of the destruction.

28.     Nothing in this Order shall be construed to require the production of any Document or ESI that a Party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

29.     Any Notice required under this Stipulated Protective Order must be in writing and must be served on all counsel unless it is an oral Notice delivered at a deposition.  If the Notice is delivered orally at a deposition, the Notifying Party must follow up with a written Notice within three (3) days.  All requests and notifications must be specific enough to identify and locate the privileged information.

30.     The inadvertent failure to designate material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the producing party's right to secure protection under this Stipulated Protective Order for such Material. If Material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the Material is initially produced, the Party receiving such information, on subsequent notification of the new designation, must make reasonable efforts to ensure that the Material is treated in accordance with the provisions of this Stipulated Protective Order. The Party receiving such information, however, is not responsible for harm, if any, caused by the dissemination or use of the Material before it is marked as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." The Producing Party shall bear the responsibility for replacing a copy of the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material with an appropriately designated copy. Counsel for the Party receiving Notice of newly designated documents,

- 15 -

testimony or other information, shall take reasonable steps to comply with such new designation(s), including reasonable steps to retrieve any documents previously distributed inconsistently with such new designations.

31.     This Stipulated Protective Order shall apply to the Parties to this proceeding and also to any other person producing or disclosing "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material in this proceeding, who agrees or is ordered to be bound by this Stipulated Protective Order. If, in the course of this action, Material is sought from a non-party which would require such non-party to disclose and/or produce "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material, such non-party may obtain the protections of this Stipulated Protective Order by agreeing in writing to produce such information pursuant to this Stipulated Protective Order and to be bound by it. No further order or agreement shall be necessary to extend the protections of this Stipulated Protective Order to non-parties.

32.     Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, any individual (including, but not limited to, experts, consultants, or attorneys of the Receiving Party) who personally receives any material designated "Highly Confidential - Attorneys' Eyes Only" shall not participate in the preparation or prosecution of any patent application or participate in the drafting of patent claims for the Receiving Party having claims materially related to the subject matter of the information designated by a Producing Party as "Highly Confidential - Attorneys' Eyes Only" from the time of receipt of such material through and including one (1) year following the first to occur of (i) the complete resolution of this case as to the Producing Party through entry of a final judgment or order for which appeal is not taken or has been exhausted or (ii) the complete settlement of all claims against the Producing Party in this action, provided, however, that provisions of this Paragraph shall not apply to any domestic, foreign or international patent application that:

- 16 -

(a)     Was filed prior to the Receiving Party's receipt of documents designated "Highly Confidential - Attorneys' Eyes Only"; or

(b)     Is filed after the Receiving Party's receipt of documents designated "Highly Confidential - Attorneys' Eyes Only" and:

(1)     claims priority under 35 U.S.C. §120 as a continuation application or divisional application, but not as a continuation-in-part application to an application filed is filed by the Receiving Party prior to the receipt of documents designated "Highly Confidential - Attorneys' Eyes Only" or

(2)     claims priority under 35 U.S.C. §119 to a patent application filed by the Receiving Party prior to the receipt of documents designated "Highly Confidential - Attorneys' Eyes Only."

Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, no individual who previously participated in the preparation or prosecution of any patent application or in the drafting of patent claims for the Producing Party may serve as a consulting or testifying expert for the Receiving Party.

33.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Material pursuant to this Stipulated Protective Order, and the Court, if applicable, shall retain continuing jurisdiction to enforce the terms of this Stipulated Protective Order.

34.     Notwithstanding the foregoing, nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his/her client, and in the

course thereof, referring to or relying upon the attorney's examination of "Highly Confidential - Attorneys' Eyes Only" Material, provided, however, that in rendering such advice and in otherwise communicating with his/her client, the attorney shall not disclose or summarize the contents or the source of any such Material, unless his/her client is an authorized person, as provided by paragraph 5.

35.     Nothing herein shall preclude the Parties in this lawsuit from filing any subsequent proceeding involving the Parties and/or requesting any discovery related thereto.

36.     The Parties reserve the right to amend or modify this Stipulated Protective Order upon agreement of the Parties and for good cause shown.

DATED at Denver, Colorado, this 20th day of December, 2011December, 2011.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

OHS WEST:261356048.4